

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2011 OCT 27  PM 12: 34

CLERK OF COURT

Jerry J. Jarzombek
714 W. Magnolia Avenue
Fort Worth, Texas 76104
Voice: 817-348-8325
Fax: 817-348-3828

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| NOEL J. SANTILLAN, §<br>§<br>§<br>Plaintiff, §<br>§<br>§<br>vs. §<br>§<br>§<br>§<br>GRUNICK RECOVERY §<br>MANAGEMENT, INC., and §<br>JOAN MYERS, §<br>§<br>Defendant. §<br>§ | Civil Action No.<br><br>**COMPLAINT**<br>**and**<br>**DEMAND FOR JURY TRIAL**<br><br>**4-11CV-769-Y**<br><br>(Unlawful Debt Collection Practices) |

### Preliminary Statement

1.      Plaintiff, Noel J. Santillan ("Santillan"), brings this action under the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Col-

lection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade

Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"),to obtain statutory

damages, injunctive relief, declaratory relief, and other relief for the Defendant's violations of the

FDCPA, the TDCA and the DTPA.

2.      Defendants, Grunick Recovery Management, Inc. ("Grunick") and Joan Myers ("Myers") attempted to collect a consumer debt allegedly owed by Plaintiff, arising from a purported obligation to Washington Mutual.   The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.  Specifically, the alleged debt arose from a credit card, which was used by the Plaintiff for non-business purposes.

## Jurisdiction and Venue

3.      Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of supplemental jurisdiction for the TDCA and DTPA claims pursuant to 28 U.S.C. § 1367.

4.      Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendant transacts business here.

## Parties

5.      Plaintiff is a citizen of the State of Texas.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and  Tex. Finance Code § 392.001(1).

6.      Grunick is an entity engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of Grunick's business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others. Grunick is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). Grunick is also a "third-party debt collector" as defined by  Tex. Finance Code § 392.001(7).

7.      Myers is an individual engaged in the business of collecting consumer debts in the Northern District of Texas.  The principal purpose of Myers's business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others. Myers is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). Myers is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).  Myers claims to be the president of Grunick.

### Factual Allegations

8.      On or about September 12, 2011, Myers filed suit on behalf of Grunick in the Justice Court, Precinct One, of Tarrant County, Texas.  Said lawsuit bears Cause No. JP01-11-JS00022940, and is styled *Grunick Recovery Management, Inc. v. Noel Jose Santillan.*  (The "State Court Case"). The pleading affirmatively states that Tarrant County is a proper venue for the action "because it is the home of the Defendant ... venue is proper under Texas Civil Practice and Remedies Code § 15.099."  The pleading makes no statement about the proper precinct.

9.      As to the parties and the Debt, Precinct One of Tarrant County, Texas is not the Plaintiff's 15 U.S.C. § 1692i "district", and it is not the Tex. Civ. Prac. & Rem. Code § 15.092(c) precinct of Plaintiff's residence at the time the cause of action accrued.  The Plaintiff was not a resident of Precinct One of Tarrant County, Texas at the time that the State Court Case was filed, but rather a resident of Precinct Three.  Moreover, the Plaintiff signed no contract with Washington Mutual at a time when he was located in Precinct One of Tarrant County, Texas.

10.     To transfer the case from Precinct One to Precinct Three of Tarrant County, Plaintiff, through counsel, filed a motion to transfer venue. A true and accurate copy of the facsimile transmission receipt indicating a successful transmission of the motion to transfer venue on September 30, 2011 is attached hereto as Exhibit A.

11.     Plaintiff, through counsel, filed his original answer subject to the motion to transfer venue. A true and accurate copy of the facsimile transmission receipt indicating a successful transmission of the answer subject to the motion to transfer venue on September 30, 2011 is attached hereto as Exhibit B.

12.     By letter dated October 8, 2011, Grunick and Myers communicated with the Plaintiff. A true and accurate copy of the October 8, 2011 correspondence is attached hereto as Exhibit C.

13.     Exhibit C is an attempt to collect a debt, as it suggests that the the Plaintiff "resolve this matter prior to any hearing or further costs to either Grunick Recovery Management, Inc. or yourself."

14.     Plaintiff was represented by counsel at all times relevant to the October 8, 2011 correspondence from Grunick and Myers.

15.     Grunick has neither obtained nor filed the third-party debt collector's bond required by Tex. Fin. Code § 392.101.

16.     The foregoing acts and omissions were undertaken on behalf of the Defendants by its respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

17.     The foregoing acts and omissions of the Defendants were undertaken by it willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

18.     The foregoing acts and omissions of the Defendants were undertaken indiscriminately and persistently, as part of Defendants' regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff.

### First Claim for Relief

19.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the following:

   a.     In violation of 15 U.S.C. § 1692c(a)(2), the Defendants communicated with the Plaintiff in connection with the collection of a consumer debt after learning that the Plaintiff was represented by an attorney and knew, or could readily ascertain, the attorney's name and address.

   b.     In violation of 15 U.S.C. § 1692d, the Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included forum shopping in an effort to obtain the most favorable outcome in the collection of a consumer debt.

   c.     In violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e (2)(a), 15 U.S.C. § 1692e(10), and the "least sophisticated consumer standard," Defendants used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of a consumer debt, in an effort to effect a settlement with the Consumer.

   d.     In violation of 15 U.S.C. 1692e(5) and the "least sophisticated consumer standard," the Defendants threatened to take an action which cannot legally be taken or that is not intended to be taken, by filing a lawsuit in a precinct other than the precinct in which the Plaintiff signed the agreement or resided at the institution of the State Court Case..

c.     In violation of 15 U.S.C. § 1692f, Defendants used unfair or unconscionable means to collect or attempt to collect a consumer debt which means included forum shopping in an effort to obtain the most favorable outcome in the collection of a consumer debt, and collecting without satisfying the bonding requirements of the Texas Finance Code.

d.     In violation of 15 U.S.C. § 1692i, the Defendant filed suit in Precinct 1 of Tarrant County, Texas which is a judicial district other than the one in which the Consumer signed a contract sued upon, or in which the Consumer resided at the commencement of the action.

20.     Under 15 U.S.C. § 1692k, Defendants' violations of the FDCPA render them jointly and severally liable to Plaintiff for statutory damages, costs, and reasonable attorney's fees.

### Second Claim for Relief

21.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TDCA include, but are not limited to the following:

a.     In violation of Tex. Fin. Code § 392.101, Grunick failed to obtain and file a third-party debt collectors bond with the Texas Secretary of State.

b.     In violation of Tex. Fin. Code § 392.301(a)(8), the Defendants threatened to take (and/or did take) an action prohibited by law.

b.     In violation of Tex. Fin. Code § 392.304(a)(8), the Defendants misrepresented the character of a consumer debt, and the status of the debt in a judicial proceeding.

c.     In violation of Tex. Fin. Code § 392.304(a)(19), Defendants used false representations and deceptive means to collect a consumer debt.

22.     Under Tex. Fin. Code Ann. § 392.403, the Defendants' violations of the TDCA render them jointly and severally liable to Plaintiff for statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

**Third Claim for Relief**

23.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

        a.     Pursuant to Tex. Fin. Code Ann. § 392.404, the Defendant's violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, ("DTPA") and is actionable under that subchapter.

24.     Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendants' violations of the DTPA render them jointly and severally liable to Plaintiff for injunctive relief and reasonable attorney's fees.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that this Court:

1.     Declare that Defendants' actions violate the FDCPA, the TDCA and the DTPA.

2.     Enjoin the Defendants' actions which violate the TDCA and the DTPA.

3.     Enter judgment in favor of Plaintiff and against Defendants for statutory damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d).

4.     Grant such further relief as deemed just.

                        Respectfully submitted,

                        Jerry J. Jarzombek
                        Texas Bar No. 10589050
                        714 W. Magnolia Avenue
                        Fort Worth, Texas 76104
                        817-348-8325
                        817-348-8328 facsimile

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Respectfully submitted,

Jerry J. Jarzombek
Texas Bar No. 10589050

714 W. Magnolia Avenue
Fort Worth, Texas 76104
817-348-8325
817-348-8328 facsimile

# EXHIBIT A

TX Report

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 8175454999 | 09-30 14:01 | 00:02:43 | 006/006 | OK | L1 |

Note   L1: Main Circuit, L2: Sub Circuit, TMR: Timer, POL: Poll, ORG: Original, FME: Frame Erase TX,
MIX: Mixed Original, CALL: Manual Communication, CSRC: CSRC, FWD: Forward, PC: PC-FAX,
BND: Bind, SP: Special Original, FCODE: F-Code, RTX: Re-Tx, RLY: Relay, MBX: Confidential,
BUL:Bulletin, SIP:SIP-Fax, IPADR: IP Address Fax, I-FAX: Internet Fax

Result  OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full,
LOVR:Receiving length Over, POVER:Receiving page Over, FIL:File Error,
DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

# THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
## 714 W. MAGNOLIA
### FORT WORTH, TEXAS 76104
PHONE     817-348-8325                    FAX     817-348-8328

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| **TO:** Joan Myers, President | **FROM:** Jerry Jarzombek |
| **COMPANY:** Grunick Recovery Management, Inc. | **DATE:** 09/30/11 |
| **FAX NUMBER:** (817) 545-4999 | **TOTAL PAGES INCLUDING COVER:** 6 |
| **PHONE NUMBER:** | **SENDER'S REFERENCE NUMBER:** |
| **RE:** *Grunick Recovery Management, Inc. successor in interest to Washington Mutual Finance vs. Noel Jose Santillan* | **YOUR REFERENCE NUMBER:** |

☐URGENT    ☐FOR REVIEW    ☐PLEASE COMMENT    ☐PLEASE REPLY    ☐PLEASE RECYCLE

**NOTES/COMMENTS:**    ORIGINAL WILL NOT FOLLOW BY MAIL

Defendant's Motion to Transfer Venue

Please advise if you are agreed or opposed.

*Please call to report transmission problems.*

*This is a privileged and confidential communication and is transmitted for the exclusive information and use of the addressee. Persons responsible for delivering this communication to the intended recipient are admonished that this communication may not be copied or disseminated except as*

# EXHIBIT B

TX Report

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 8175454999 | 09-30 14:04 | 00:01:47 | 004/004 | OK | L1 |

Note    L1: Main Circuit, L2: Sub Circuit, TMR: Timer, POL: Poll, ORG: Original, FME: Frame Erase TX,
        MIX: Mixed Original, CALL: Manual Communication, CSRC: CSRC, FWD: Forward, PC: PC-FAX,
        BND: Bind, SP: Special Original, FCODE: F-Code, RTX: Re-Tx, RLY: Relay, MBX: Confidential,
        BUL:Bulletin, SIP:SIP-Fax, IPADR:IP Address Fax, I-FAX:Internet Fax

Result  OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
        TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
        Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full,
        LOVR:Receiving length Over, POVER:Receiving page Over, FIL:File Error,
        DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

# THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
### 714 W. MAGNOLIA
### FORT WORTH, TEXAS 76104
**PHONE   817-348-8325                                FAX  817-348-8328**

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| **TO:** Joan Myers, President | **FROM:** Jerry Jarzombek |
| **COMPANY:** Grunick Recovery Management, Inc. | **DATE:** 09/30/11 |
| **FAX NUMBER:** (817) 545-4999 | **TOTAL PAGES INCLUDING COVER:** 4 |
| **PHONE NUMBER:** | **SENDER'S REFERENCE NUMBER:** |
| **RE:** *Grunick Recovery Management, Inc. successor in interest to Washington Mutual Finance vs. Noel Jose Santillan* | **YOUR REFERENCE NUMBER:** |

☐URGENT    ☐FOR REVIEW    ☐PLEASE COMMENT    ☐PLEASE REPLY    ☐PLEASE RECYCLE

NOTES/COMMENTS:      ORIGINAL WILL NOT FOLLOW BY MAIL

Defendant's Original Answer

*Please call to report transmission problems.*

*This is a privileged and confidential communication and is transmitted for the exclusive information and use of the addressee. Persons responsible for delivering this communication to the intended recipient are admonished that this communication may not be copied or disseminated except as directed by the addressee. If you have received this communication in error, please notify us immediately. Thank you*

# EXHIBIT C

# GRUNICK RECOVERY MANAGEMENT, INC.

2725 Central Drive, Bedford, TX 76021  (817) 545-3335  (800) 693-7795 Fax (817) 545-4999

October 8, 2011

Account No. 09-00092-0

Noel Jose Santillan
1001 Meadow Circle N
Keller, Texas  76248-3628

| | |
|---|---|
| ACCOUNT NO.: | 4559906278208678 |
| CLIENT NAME: | Grunick Recovery Management, Inc., successor-in-interest to Washington |

Mr Santillan:

I am in receipt of the court's notice regarding your motion to transfer venue. I assume that you are not represented by an attorney. If I am wrong in that assumption please contact me immediately.

I believe we probably can resolve this matter prior to any hearing or further costs to either Grunick Recovery Management, Inc. or yourself. Please call me at the above number 817 545-3335 to discuss this matter as soon as possible.

Sincerely,

Joan Myers

PURSUANT TO FEDERAL LAW, THIS FIRM IS DESIGNATED AS A
'DEBT COLLECTOR'. THE PURPOSE OF THIS COMMUNICATION IS TO COLLECT A DEBT AND ANY
FURTHER INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

LTR Revised 10/98  09-00092-0  0201-38

JS 44 (TXND Rev. 2/10) ~~ORIGINAL~~

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

RECEIVED
U.S. DISTRICT COURT
NORTHERN DISTRICT
FORT WORTH DIVISION

2011 OCT 27 PM 2: 04

CLERK OF COURT

## I. (a) PLAINTIFFS
NOEL SANTILLAN

## DEFENDANTS
GRUNICK RECOVERY MANAGEMENT, INC. AND JOAN MYERS

**(b)** County of Residence of First Listed Plaintiff  TARRANT
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jerry J. Jarzombek, The Law Office of Jerry Jarzombek, PLLC, 714 W. Magnolia Ave., Fort Worth, TX 76104; (817) 348-8325

Attorneys (If Known)

4-11CV-769-Y

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1692, et seq.
Brief description of cause:
Unlawful debt collection

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 1,000.00+

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED: (See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE 10/26/2011

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # FW015541   AMOUNT 350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____